### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

ALBERT A. SHAMMAH,                          1:20-cv-15251-NLH-AMD

        Plaintiff,                   **OPINION**

   v.

JUDGE MICHAEL A. SHIPP,

        Defendant.

---

**APPEARANCES:**

ALBERT A. SHAMMAH
486 9TH AVENUE
APT. 5FN
NEW YORK, NY 10018

    Plaintiff appearing *pro se*

**HILLMAN, District Judge**

    Plaintiff, Albert A. Shammah, appearing *pro se*, filed a "CIVIL RIGHTS COMPLAINT FORM," which is provided by the United States Attorney's Office,[1] in this Court alleging that his civil

---

[1] The form explains, "The United States Attorney's Office, in coordination with the Civil Rights Division of the United States Department of Justice, is charged with enforcing the federal civil rights laws throughout the District of New Jersey.  The Office therefore readily receives information that brings to its attention possible violations of federal civil rights laws.  The United States Attorney's Office is primarily a legal office and not an investigative agency.  This Office will determine if your complaint raises a potential violation of federal civil rights laws that would be within the enforcement authority of this Office to investigate, or should be referred to another agency for investigation or other action."  The form directs that it should be submitted to the Civil Division of the U.S. Attorney's Office in Newark, New Jersey.

rights were violated by Defendant.  Plaintiff submitted this "complaint" without also submitting the required filing fee or filing an application to proceed in forma pauperis ("IFP").

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint is $400.  Under Title 28, section 1915 of the United States Code, however, a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application.  28 U.S.C. § 1915(a)(1).

Because Plaintiff has failed to pay the filing fee or submit an IFP application, the Clerk of the Court will be ordered to administratively terminate this action, without filing the "complaint" or assessing a filing fee.[2]  Plaintiff will be granted leave to (1) apply to re-open within 45 days by either paying the filing fee or submitting the proper IFP application, and (2) resubmit his complaint in a form that is

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

appropriate for this Court, see

https://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf

     An accompanying Order follows.


Date: November 4, 2020         s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.